UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Zarling, | Case No. 21-CV-0023 (MJD/JFD) |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER |
| Abbott Laboratories, | |
| Defendant. | |

This matter is before the Court on Plaintiff John Zarling's Motion to Modify the Scheduling Order (Dkt. No. 70). The Court held a motion hearing on March 11, 2022, at which Mark Peschel represented Mr. Zarling, and Michelle DuCharme and Anthony Brice represented Defendant Abbott Laboratories. (Hr'g Mins. at 1, Dkt. No. 79.)

Mr. Zarling moves this Court to modify the Pretrial Scheduling Order by reopening and extending two expired deadlines: (1) the deadline for filing a motion to add a claim for punitive damages, and (2) the deadline for filing non-dispositive motions relating to fact discovery.[1] (Pl.'s Mem. Supp. at 2, Dkt. No. 72.) Mr. Zarling argues that there is good cause to modify the Scheduling Order because he has been diligent in meeting its deadlines. (*Id.* at 15–21.) In response to Mr. Zarling's Motion, Abbott interposes objections and asks the Court to deny the Motion entirely because Mr. Zarling has not been diligent and,

---

[1] During the motion hearing, Mr. Zarling stated that he was no longer seeking an extension of the fact discovery deadline—the third part of his Motion's requested relief—and thus, the Court denied as moot his Motion as to any extension to the fact discovery deadline. (*See* Hr'g Mins. at 1.)

therefore, there is no good cause basis upon which to grant his Motion. (Def.'s Mem. Opp'n at 1–2, Dkt. No. 77.) To resolve the two remaining disputes, the Court orders only those amendments to the Scheduling Order for which good cause and extraordinary circumstances exist. Therefore, Mr. Zarling's Motion is denied, as set forth below.

I.  **FACTS**

This is a civil rights employment case brought by Mr. Zarling against his former employer, Abbott Laboratories. (Am. Compl. ¶ 1, Dkt. No. 32.) Mr. Zarling alleges that Abbott discriminated against him based on his age, marital status, and familial status; retaliated against him for opposing discrimination; created a hostile work environment; defamed him; and terminated him without providing him with the severance pay required by his employment agreement—all in violation of various state and federal laws. (*Id.* ¶¶ 8–51.)

Discovery in the case began on April 30, 2021, and fact discovery closed on January 21, 2022. (Pretrial Sched. Order at 3, 5, Dkt. No. 50.) At issue in this Motion, the Scheduling Order required that motions to amend the pleadings to add a claim for punitive damages be filed by December 3, 2021, and non-dispositive motions relating to fact discovery be filed by February 4, 2022. (*Id.* at 5–6.)

A.  **Mr. Zarling's Interrogatories and Requests for Production ("RFP")**

Mr. Zarling served his initial set of Interrogatories and RFPs on June 18, 2021, and his second set of RFPs on July 21. (Pl.'s Ex. 9 at 1, Dkt. No. 73-9; Pl.'s Ex. 10 at 1, Dkt. No. 73-10.) Abbott provided its first responses to Mr. Zarling's discovery requests on August 9. (*See* Def.'s Ex. D at 17–18, Dkt. No. 78-1; Def.'s Ex. E at 25–28, Dkt. No. 78-

2

1.) In response to his second set of RFPs, Abbott stated that it would produce responsive documents on a rolling basis beginning on August 20. (Pl.'s Ex. 12 at 4–5, Dkt. No. 73-12.) Abbott provided these rolling productions up until November 17. (Pl.'s Ex. 15 at 4, Dkt. No. 73-15.) On December 3, the deadline to file motions for leave to amend the pleadings to add a claim for punitive damages passed. (Pretrial Sched. Order at 5.) No motion was filed.

On December 17, Mr. Zarling served his second set of Interrogatories and third set of RFPs. (Def.'s Ex. F at 31–33, Dkt. No. 78-1; Def.'s Ex. G at 35–36, Dkt. No. 78-1.) Abbott responded on January 18, 2022, but did not produce responsive documents until January 21. (Pl.'s Ex. 19 at 9–11; Pl.'s Ex. 27 at 12.) On January 21, Mr. Zarling raised concerns with Abbott that its discovery responses were deficient, and that he thought a motion to compel might be necessary. (Pl.'s Ex. 19 at 11, Dkt. No. 73-19.) Abbott produced supplemental responses to Mr. Zarling's requests on January 21, 28, and February 3. (Pl.'s Ex. 21 at 1, Dkt. No. 73-21; Pl.'s Ex. 22 at 1, Dkt. No. 73-22; Pl.'s Ex. 23 at 1, Dkt. No. 73-23; Pl.'s Ex. 28 at 9, Dkt. No. 73-28.) On February 4, the deadline to file non-dispositive motions related to discovery passed. (Pretrial Sched. Order at 6.) No motions were filed.

On February 7, Mr. Zarling responded to Abbott's February 3 productions, noting that Abbott had still failed to produce some of the requested information. (Pl.'s Ex. 19 at 5–6.) Mr. Zarling again threatened to bring a discovery motion if Abbott failed to produce the requested materials (*id.* at 5), a Motion that he ultimately filed several weeks later and that is now before this Court (*see* Mot.).

3

### B. Mr. Zarling's Depositions of Abbott Personnel

On July 8, 2021, Mr. Zarling contacted Abbott to request depositions be scheduled between August 9–31 for six Abbott personnel. (Pl.'s Ex. 6 at 3, Dkt. No. 73-6.) Receiving no substantive response from Abbott, on August 11, Mr. Zarling requested deposition dates in October instead. (Pl.'s Ex. 12 at 6.) Again receiving no substantive response from Abbott, on October 4, Mr. Zarling asked Abbott to promptly assist in arranging the necessary depositions. (Pl.'s Ex. 30 at 4, Dkt. No. 73-30.) Four days later, Abbott provided dates for all but one of the requested depositions. (*Id.* at 2.) Abbott offered depositions on specific dates in November and December, and Mr. Zarling stated that he would "make the dates work." (*Id.* at 1–2.) On October 22, Abbott requested that one deposition be moved from November to December, to which Mr. Zarling reluctantly agreed. (Pl.'s Ex. 31 at 1–4, Dkt. No. 73-31.) The last remaining unscheduled deposition was eventually scheduled for January 12, 2022 with Mr. Zarling's consent. (Pl.'s Ex. 33 at 1, Dkt. No. 73-33.)

### C. Plaintiff's Motion to Compel

On February 25, 2022, Mr. Zarling filed the instant Motion to Modify the Scheduling Order seeking to reopen and extend three expired deadlines relating to discovery: the December 3, 2021 deadline for filing a motion to add a claim for punitive damages; the January 21, 2022 deadline for fact discovery to 40 days after this Court's order; and the February 4, 2022 deadline for filing non-dispositive motions relating to fact discovery. (Pl.'s Mot. at 1.) At the time of filing this Motion, all three deadlines had already passed. (*See* Pretrial Sched. Order at 3, 5, 6.) Mr. Zarling argues that there is good cause to modify the Scheduling Order because he has been diligently litigating his case, but Abbott

4

has caused delays and undermined his ability to meet the established deadlines. (Pl.'s Mem. Supp. at 15–21.) As to the deadline to file for leave to amend the pleadings to add a claim for punitive damages, Mr. Zarling argues that Abbott's delays in producing discovery compromised his ability to file a timely motion because he had to try to amass the required factual basis during discovery to file such a motion, and Abbott prevented him from doing so. (*Id*. at 15–17.) As to the deadline to file non-dispositive motions relating to discovery, Mr. Zarling claims that Abbott's unreasonable delay in producing documents up until the day before the February 4 deadline left insufficient time for the parties to meet-and-confer, reach an impasse, and for Mr. Zarling to then file a motion before the deadline. (*Id*. at 18–19.)

Abbott opposes Mr. Zarling's Motion, arguing that a scheduling order may only be amended upon a showing of good cause, and that Mr. Zarling has failed to show that such good cause is present here. (Def.'s Mem. Opp'n at 1–2.) According to Abbott, at the time of filing his Motion, Mr. Zarling had been aware for almost 10 months of the deadlines that he now seeks to reopen and extend, and nothing precluded him from bringing his Motion to Modify the Scheduling Order sooner. (*Id.* at 1, 10, 11.) Abbott also contends that any amendment to the Scheduling Order based on this Motion would prejudice it, since reopening and moving the requested deadlines forward would impinge on Abbott's ability to focus on the upcoming expert discovery and dispositive motion deadlines. (*Id.* at 16–18.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (citing *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). The "exacting" good cause standard "demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, No. 97-CV-2185 (JRT/RLE), 187 F.R.D. 578, 581–82 (D. Minn. June 7, 1999) (quotation omitted); Fed. R. Civ. P. Advisory Committee Notes - 1983 Amendment. "Because scheduling orders are 'a vehicle designed to streamline the flow of litigation through [the Court's] crowded docket,' the Court does not take such orders lightly, and where good cause to modify has not been shown, 'will enforce them.'" *Shukh v. Seagate Tech., LLC*, No. 10-CV-404 (JRT/JJK), 2013 WL 53835 (D. Minn. Jan. 3, 2013) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)) (modification in *Shukh*). As with other scheduling matters, the good cause showing "falls within the magistrate judge's broad discretion." *Shank v. Carleton College*, No. 16-CV-1154 (ECT/HB), 329 F.R.D. 610, 614 (D. Minn. Jan. 7, 2019). "[W]hile diligence is the primary factor for assessing good cause, nothing limits the Court's 'broad discretion in establishing and enforcing the deadlines' in the scheduling order." *Portz v. St. Cloud State Univ.*, No. 16-CV-1115 (JRT/LIB), 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)).

Under the Local Rules of this District, in addition to demonstrating good cause under Rule 16, the movant must also demonstrate "extraordinary circumstances" that would warrant extending a scheduling order deadline that has passed. *See* D. Minn. LR 16.3(d) ("Except in extraordinary circumstances, before the passing of a deadline that a party moves to modify, the party must obtain a hearing date on the party's motion to modify the scheduling order. The hearing itself may take place after the deadline.").

### III.   DISCUSSION

The Court finds that Mr. Zarling has shown neither the good cause nor the extraordinary circumstances required to amend the Pretrial Scheduling Order.

### A.   Mr. Zarling has Not Shown the Good Cause and Extraordinary Circumstances Required to Reopen and Extend the Deadline for Motions to Amend the Pleadings to Request Punitive Damages

The deadline to file motions seeking leave to amend the pleadings was December 3, 2021. (Pretrial Sched. Order at 5.) Mr. Zarling filed his Motion more than two and a half months after that deadline, on February 25, 2022. (*See* Mot.) Mr. Zarling's Motion is obviously not timely. Because Mr. Zarling seeks leave to amend after the deadline, he must first show good cause to modify the deadline. Fed. R. Civ. P. 16(b)(4). He must also demonstrate "extraordinary circumstances" that warrant an extension. *See Frazier v. Bickford*, No. 14-CV-3843 (WMW/TNL), 2016 WL 10952821, at *3 (D. Minn. Mar. 31, 2016) (citing D. Minn. LR 16.3(d)).

Mr. Zarling offers three arguments to support that the Court should reopen and extend the December 3 Scheduling Order deadline for motions to amend the pleadings to

7

add a claim for punitive damages.[2] (Pl.'s Mem. Supp. at 17–18.) First, Mr. Zarling argues that there were ongoing disputes regarding redactions of customer names and "other disputes" which Abbott did not resolve until December 22, 2021—weeks after the December 3 deadline. (*Id.* at 17; *see also* Pl.'s Ex. 17 at 1, Dkt. No 73-17.) Second, he claims that Abbott obstructed his ability to depose its personnel until after the December 3 deadline. (Pl.'s Mem. Supp. at 18.) And third, Mr. Zarling claims that, although he wanted to involve the Court in the parties' discovery disputes, Abbott lulled him into not taking any action. All three arguments are unpersuasive.

Mr. Zarling's first argument is that—despite his diligence in seeking the discovery that he needed to move to amend the pleadings to add a claim for punitive damages— Abbott did not produce the necessary discovery in time, particularly where Abbott's over-redactions of rolling productions stretched well past the December 3 deadline. (Pl.'s Mem. Supp. at 17–18.) Abbott argues that good cause is entirely absent where Mr. Zarling focuses on Abbott's actions rather than on his own diligence and that Mr. Zarling cannot adequately explain why he only raised this issue in meet-and-confers in early February—and filed the

---

[2] Mr. Zarling also dedicates a significant portion of his Memorandum to an argument over the standard required to amend his Complaint to allege punitive damages. (Pl.'s Mem. Supp. at 15–18.) A court will proceed to an inquiry under Rule 15 only after the moving party has established good cause under Rule 16. *See Shank*, 329 F.R.D. at 614 ("In other words, Rule 16 opens the door to Rule 15."). The Court declines to consider this argument that has no bearing on whether Plaintiff's Motion to Modify the Scheduling Order meets the good cause standard of Rule 16(b)(4) and the extraordinary circumstances standard of this District's Local Rule 16.3(d), which are the questions properly before the Court in this Motion.

instant Motion in late February—more than two months after the December 3 deadline had passed. (*Id.* at 6–7.)

Reviewing the record, Abbott provided some of the discovery documents at issue to Mr. Zarling as early as June 4, 2021, while others Abbott provided as late as November 17, 2021. (Pl.'s Ex. 2 at 1, Dkt. No. 73-2; Pl.'s Ex. 15 at 4; Pl.'s Ex. 16 at 3–4, Dkt. No. 73-16.) Mr. Zarling brought some of the disputed redactions to Abbott's attention before the December 3 deadline. (Pl.'s Ex. 15 at 3, Dkt. No. 15-3.) Yet for others, Mr. Zarling only requested that certain documents be unredacted on December 17, 2021, two weeks after the December 3 deadline had passed. (Pl.'s Ex. 16 at 3–4.) At the motion hearing, Mr. Zarling claimed that he knew that he could have filed a timely motion to extend the December 3 deadline before it passed based on Abbott's late and over-redacted productions, but worried that doing so would waste both his own time—and that of the Court—if he later failed to discover the facts needed to bring a motion to amend the pleadings to add punitive damages.

"The 'good cause' standard is an exacting one, for it demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Archer Daniels Midland*, 187 F.R.D. at 581–82 (quotation omitted). While Mr. Zarling may not have had the facts that he needed to move for leave to amend his Complaint to add punitive damages claims, he admitted at the hearing that he knew it was possible to bring a timely motion to extend the December 3 deadline. He justified failing to do so because such an extension might never have ended up being required. On these facts, the Court cannot find that Mr. Zarling acted with diligence where he knowingly

9

allowed a deadline to pass, rather than seeking its extension, when he believed that he might still file such a motion. *See Solutran, Inc. v. U.S. Bancorp & Elavon, Inc.*, No. 13-CV-2637 (SRN/BRT), 2017 WL 89558, at *4 (D. Minn. Jan. 10, 2017) ("The record . . . shows that as far back as February, [plaintiff] had the information necessary to—if not move to amend—at least move to modify the scheduling order. Nothing about the evidence uncovered [subsequently] serves to alter the fact that [plaintiff] chose not to do so."). Thus, Plaintiff's first argument fails to persuade the Court.

Moving next to Plaintiff's second argument, Mr. Zarling alleges that Abbott obstructed his ability to depose its personnel until after the December 3 deadline. (Pl.'s Mem. Supp. at 18.) This, too, is unpersuasive where the test for good cause under Rule 16(b)(4) is not whether the opposing party has been challenging to work with, but rather, whether the moving party has been diligent in meeting the agreed upon deadlines. *Reichel Foods, Inc. v. Proseal Am., Inc.*, No. 19-CV-2604 (ECT/KMM), 2021 WL 3674495, at *3 (D. Minn. Aug. 19, 2021) (citing *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (holding that an opponent's "stonewalling" of discovery requests did not excuse a party's untimely motion to amend when the movant did not serve its interrogatory or depose the witness until both the amendment and discovery deadlines had passed)).

Here, as Abbott rightly points out, Mr. Zarling was aware of—and agreed to—depositions of Abbott's personnel that would take place *after* the December 3 deadline as early as October. (*See* Def.'s Mem. Opp'n at 7; *see also* Pl.'s Ex. 30 at 1; Pl.'s Ex. 31 at 1.) Given these facts, Mr. Zarling cannot now claim that Abbott's obstructionist actions led to deposition dates that were far too late. He consented to those dates and admitted at the

10

motion hearing that he understood their implications for the December 3 deadline. The standard for a motion to amend a scheduling order is not being aware that one could be diligent, but believing inaction is justified; the standard is actually being diligent. *Reichel Foods*, 2021 WL 3674495, at *1 (finding that a party was not diligent due to a failure to take depositions before the amendment deadline); *Johnson v. Franchoice, Inc.*, No. 19-CV-1417 (MJD/ECW), 2020 WL 6938782, at *7 (D. Minn. Nov. 25, 2020) (holding that "it was incumbent on Plaintiffs to seek relief from the Court if they felt it was necessary to meet their deadlines to amend the pleading, including those with respect to punitive damages"). Thus, Plaintiff's second argument is also unpersuasive.

Turning finally to Mr. Zarling's third argument, he claimed during the motion hearing that he did not move to extend the December 3 deadline because when he told Abbott that he might involve the Court, Abbott lulled him into believing that there was no need. Abbott claims that while it did emphasize the need to narrow and resolve disputes before presenting impasses to the Court, it never attempted to improperly curtail Mr. Zarling's efforts to seek whatever relief he believed that he required. The Court has reviewed the record and finds that Mr. Zarling did state several times that he might involve the Court, but does not find evidence that Abbott improperly persuaded him not to.

The record shows the following: Mr. Zarling asked Abbott several times—first on June 17, then on July 6—to answer outstanding questions regarding a Mr. Provost or he would file a motion. (*See* Pl.'s Ex. 3 at 1, Dkt. No. 73-3; Pl.'s Ex. 5 at 2, Dkt. No. 73-5.) Abbott finally answered on July 29 that it "[would] not oppose Plaintiff's motion to amend." (Pl.'s Ex. 6 at 1.) On August 11, Mr. Zarling documented deficiencies in Abbott's

11

responses to his Interrogatories and RFPs and requested that Abbott correct the issues or he would file a motion. (Pl.'s Ex. 12 at 5–6.) Abbott responded the next day that Abbott would try to address the issues he raised and stated, "We believe filing a motion . . . would not be a good use of the parties' or the court's resources when we should be able to resolve most if not all of these issues outside the court through further meet and confer[s] . . . ." (Pl.'s Ex. 12 at 4–5.) On September 9, Mr. Zarling told Abbott that he wanted to be able to conduct in-person depositions and that if no agreement could be reached on the issue, "then [he] want[ed] to bring it before the judge." (*Id.* at 2.) Abbott responded on September 13, "We believe this is something that can be resolved without court intervention and are in no way trying to make this a challenge." (*Id.* at 1.) On December 7, Mr. Zarling asked Abbott to unredact certain information on productions or "[he would] raise this issue with the Magistrate at the status conference on January 7." (Pl.'s Ex. 16 at 4.) Abbott responded on December 20 with an offer to meet and confer on the discovery issues that Mr. Zarling raised and to try to reach a resolution, stating that if the parties reached an impasse, "[they could] set a separate time to discuss them with the Magistrate . . . ." (*Id.* at 3.) On January 21, Mr. Zarling listed his concerns with deficient discovery responses and obstructionist tactics that he alleged Abbott had used during discovery, noting that he had "contemplated going to the Magistrate" "but decided against it because of the looming discovery deadline," and stating more generally that he expected to receive the deficient discovery or "[he would] bring all of these issues to the Magistrate Judge's attention so that he gets a clear picture of Abbott's overall efforts to obstruct the discovery process." (Pl.'s Ex. 19 at 9–11.) On January 28, Abbott responded with protestations against Mr. Zarling's

allegations about its obstructionism and stated that it "[was] willing to continue meeting and conferring." (*Id.* at 6–9.)

Having reviewed this record and carefully considered the language used by Abbott, the Court disagrees that Abbott repeatedly lulled Mr. Zarling into believing that issues could be resolved without the Court's intervention and thus coercively prevented him from filing his Motion earlier. It is appropriate for parties to encourage the use of the meet-and-confer process to avoid unnecessary motion practice. Furthermore, Mr. Zarling demonstrated an awareness of his freedom to bring issues to the Court throughout his discovery correspondence with Abbott, as well as his awareness of the importance of discovery deadlines. He simply chose not to bring timely motions. Finding that Mr. Zarling demonstrates no diligence under any of his arguments, the Court declines to consider prejudice to Abbott. *See Shank*, 329 F.R.D. at 614.

Beyond these three arguments that good cause supports his Motion, Mr. Zarling points to no facts or authority that show that his Motion is brought because of "extraordinary circumstances" that merit an amendment of a court's scheduling order after its deadlines have passed, nor does the Court find any.

For all these reasons, the Court finds that Mr. Zarling has not established the good cause or extraordinary circumstances necessary to amend the Scheduling Order as to the December 3 deadline and denies his Motion as to this request.

### B. Mr. Zarling has not Shown the Good Cause and Extraordinary Circumstances Required to Reopen and Extend the Deadline for Non-Dispositive Motions Relating to Discovery

Mr. Zarling also moves to reopen and extend the deadline for non-dispositive motions relating to discovery. (Pl.'s Mem. Supp. at 2.) The deadline to file such motions was February 4, 2022. (Pretrial Sched. Order at 6.) Mr. Zarling filed his Motion on February 25, several weeks after that deadline had already passed. (*See* Mot.) Therefore, Mr. Zarling's Motion to extend this deadline is also untimely and must likewise be reviewed for both good cause and extraordinary circumstances. *See* Fed. R. Civ. P. 16(b)(4); D. Minn. LR 16.3(d).

Mr. Zarling contends that this deadline should be reopened and extended because Abbott has failed to fully respond to Mr. Zarling's discovery requests in his second set of Interrogatories and third set of RFPs, both served on Abbott on December 17, 2021. (Pl.'s Mem. Supp. at 18–19; *see also* Def.'s Ex. F at 31–33; Def.'s Ex. G at 35–36.) Mr. Zarling claims that Abbott did not respond to his requests until January 19, and even then, Mr. Zarling pointed out deficiencies to Abbott on January 21, after which Abbott continued supplementing its productions up until February 3. (Pl.'s Mem. Supp. at 18 (citing Pl.'s Exs. 21–23).) Mr. Zarling argues that this demonstrates that there is good cause for this Court to reopen and extend the deadline for filing discovery-related non-dispositive motions because Abbott's late productions up to February 3—a day before the February 4 non-dispositive motions deadline—made it impossible to review Abbott's materials, meet-and-confer on disputes, then file a timely motion. (*Id.* at 19.) The Court disagrees.

A plaintiff has a duty to seek relief from the court where the party feels it is necessary to meet the scheduling order's deadlines. *See Johnson*, 2020 WL 6938782, at *7. Abbott rightly points out that Plaintiff knew almost a year before filing this Motion "that the February 4, 2022 discovery motion deadline was 2 weeks after the January 21, 2022 discovery cutoff." (Def.'s Mem. Opp'n at 10.) The record shows that Mr. Zarling thought a motion to compel was warranted on January 21. (Pl.'s Ex. 19 at 11 (stating that a motion to compel would be necessary if Plaintiff failed to receive the requested information).) At this point, it was "incumbent" on Mr. Zarling to seek relief before the deadline to do so expired. Despite this, he did not file his Motion until February 25, several weeks after the deadline had passed. (*See* Mot.) On such facts, the Court does not find that Mr. Zarling acted diligently to meet the Scheduling Order's February 4 deadline, and he also points to no "extraordinary circumstances" that would satisfy this District's Local Rules governing such modifications. *See* Fed. R. Civ. P. 16(b)(4); D. Minn. LR 16.3(d). Therefore, the Court declines to grant Mr. Zarling's request to reopen the deadline for non-dispositive discovery motions.

In sum, neither good cause nor extraordinary circumstances provide a basis upon which to grant either part of Mr. Zarling's Motion. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff John Zarling's Motion to Modify the Scheduling Order (Dkt. No. 70) is **DENIED**.

Date: May 20, 2022                                         *s/ John F. Docherty*
                                                          JOHN F. DOCHERTY
                                                          United States Magistrate Judge